UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR VERNELL THOMPSON**, Plaintiff, v. **MICHAEL MCNAMARA, et al.**, Defendant. | 2:21:CV-11045 **OPINION AND ORDER OF SUMMARY DISMISSAL** |

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Arthur Vernell Thompson ("Plaintiff") was convicted of first-degree home invasion following a jury trial in the Wayne County Circuit Court and was sentenced, as a fourth habitual offender, to 18 to 36 years imprisonment in 2011. *See* Plaintiff's Offender Profile, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=219215. In his complaint, Plaintiff challenges his state criminal proceedings. *See* ECF No. 1, PageID.5, 7. He names Dearborn police officers Michael McNamara and Brian Kapanowski, state prosecutor Daniel E. Less, and the City of Dearborn as the defendants in this action and sues them in their official capacities seeking monetary damages. *Id.* at PageID.2-3, 8. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. ECF No. 3.

Having reviewed the matter, and for the reasons stated herein, the

1

Court concludes that the civil rights complaint must be dismissed and that an appeal cannot be taken in good faith.

## DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), if the Court determines that an in forma pauperis complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, it is required to dismiss the complaint sua sponte, before service is made on the defendant. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, or employees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

2

(citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

Plaintiff's complaint, which challenges his state criminal proceedings, is subject to dismissal because Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the

3

validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail in this action, his continued confinement would be called into question. Consequently, his complaint is barred by *Heck* and must be dismissed.

Plaintiff names a state prosecutor, Daniel E. Less, as one of the defendants in this action and sues him in his official capacity for damages.

4

Defendant Less is entitled to sovereign immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and officials unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979).

Eleventh Amendment immunity applies to state employees, such as prosecutors, judges, court clerks, and state agency employees who are sued in their official capacities. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 764 (6th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *James v. Anderson, et al.*, No. 12-10273, 2018 WL 6171474, *15-17 (E.D. Mich. Nov. 26, 2018); *Moore v. Michigan*, No. 13-11789, 2014 WL 1260702, *2-3 (E.D. Mich. March 27, 2014). Defendant Less, a state prosecutor, is thus entitled to Eleventh Amendment immunity.

## CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his civil rights complaint and that defendant Less is entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES** the civil rights

5

complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed.

Dated: May 28, 2021         s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE